# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 30, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| CRAIG J. BURCHIANTI, *on behalf of* | * | UNPUBLISHED |
| A.B., | * | |
| | * | No. 15-918V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; Interim Award; |
| AND HUMAN SERVICES, | * | Adjustment of Attorney's Rate. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

Mark T. Sadaka, Mark T. Sadaka LLC, Englewood, NJ, for petitioner.
Amy P. Kokot, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 30, 2019, Craig J. Burchianti ("petitioner") filed a motion for interim attorneys' fees and costs. **I hereby GRANT the motion and award $69,543.83 in interim attorneys' fees and costs.**

### I.    Procedural History

On August 21, 2015, petitioner filed this claim in the National Vaccine Injury Compensation Program. Petition (ECF No. 1).[2]  Petitioner alleges that his minor child A.B. developed a seizure disorder as a result of receiving a measles-mumps-rubella ("MMR") vaccination on August 27, 2012. *Id.*

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade  secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On January 6, 2016, respondent filed a Rule 4(c) report in which respondent recommended against compensation.  Resp. Rep't (ECF No. 13).  On October 3, 2016, petitioner filed an expert report from Dr. Kinsbourne.  Pet. Ex. 14 (ECF No. 26).  On December 2, 2016, respondent filed a responsive expert report from Dr. Elaine Wirrell.  Resp. Ex. A (ECF No. 27).

On February 6, 2017, I held a Rule 5 status conference during which I encouraged the parties to discuss informal resolution.  Scheduling Order (ECF No. 28).  Notwithstanding repeated efforts at informal resolution in 2017 and 2018, the case was set for an entitlement hearing to take place on March 12-13, 2019.

In January 2019, petitioner filed a supplemental report from Dr. Kinsbourne as Pet. Ex. 36 (ECF No. 58) and a pre-hearing brief (ECF No. 63).  Additionally, on January 17, 2019, petitioner filed a status report in which he averred the need for an immunologist to opine in support of the timing in this case.  Petitioner also noted that appropriations for the Department of Justice had lapsed on December 22, 2018, which prevented substantive discussion with respondent's counsel in advance of that filing.  Status Report (ECF No. 62).

Subsequently, the entitlement hearing set for March 12-13, 2019 was cancelled.  The parties were encouraged to revisit the prospects for informal resolution before proceeding to expert reports.  Scheduling Order filed January 24, 2019 (ECF No. 64).  On May 29, 2019, respondent communicated that at that juncture, settlement was not feasible.  Status Report (ECF No. 69).  The case proceeded on a litigation track.  After being granted one extension of time, on September 30, 2019, petitioner filed an expert report from M. Eric Gershwin.  Pet. Ex. 44 (ECF No. 71).  A deadline was set for respondent to file a responsive expert report.  Scheduling Order filed October 1, 2019 (ECF No. 74).

Also on September 30, 2019, petitioner filed a Motion for Interim Attorneys' Fees and Costs.  Int. Fee App. (ECF No. 71).  Petitioner requested attorneys' fees in the amount of $38,534.75 and attorneys' costs in the amount of $17,082.18, for a total interim request of $55,616.93.[3]  Int. Fee App., Tab 1 at 19-20.

On October 3, 2019, respondent filed a response (ECF No. 75).  Respondent "defer[red] "to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award" but was otherwise "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent did not raise any specific objections to the hourly rates, time expended, or costs incurred but instead, "respectfully recommend[ed] that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On October 8, 2019, petitioner filed a reply, which adds a newly received invoice from Dr. Kinsbourne to the interim request.  With that addition, petitioner requested a total of $38,534.75 in attorneys' fees and $31,032.18 in attorneys' costs, for a total interim request of $69,566.92.  Pet. Reply (ECF No. 77).

---

[3] Petitioner averred that the request was for $55,616.92, however, that appears to be an inadvertent miscalculation.

## II.   Entitlement to Attorneys' Fees and Costs

### A.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B.  Interim Awards

The Vaccine Act permits interim attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375.  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

This matter has been pending for over four years.  An entitlement hearing was set for March 2019.  Subsequently, petitioner's counsel determined that an expert report by an immunologist was essential for the case and could not be completed by the hearing date.  The undersigned cancelled the previously scheduled hearing and directed the parties to explore the prospects for informal resolution before engaging in further litigation.  In April 2019, respondent determined that settlement was not feasible at that time.  Thus, petitioner has filed an immunologist's report, to which respondent has the opportunity to respond.  The case may necessitate an entitlement hearing, a written opinion, and/or other proceedings.  Therefore, an award of interim fees and costs is appropriate so that counsel is not unduly financially burdened during protracted litigation.

### III.   Reasonable Attorneys' Fees and Costs

#### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B.  Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[4] In this case, petitioner requests that his attorney of record Mark Sadaka be compensated at $337.05 for work performed in 2013; $350.00 for 2014 – 2015; $362.95 for 2016; $376.38 for 2017; $396.00 for 2018; and $406.00 for 2019. Pet. Int. App. at 2. These are generally reasonable and consistent with what I and other special masters have awarded Mr. Sadaka in other cases over the years. However, he has generally been held to $405.00 per hour for work performed in 2019, consistent with the OSM

---

[4] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on October 30, 2019).

Fee Schedule for attorneys within his category of experience for that year. *See, e.g., Edwards v. Sec'y of Health & Human Servs.*, No. 15-668V, 2019 WL 4911060 at *2, n. 4 (Fed. Cl. Spec. Mstr. Sept. 27, 2019).  I will similarly award him $405.00 per hour, **resulting in a reduction of $23.10.**  Pet. Int. App., Tab 1 at 16-18.  No further adjustments are necessary to the rates requested for Mr. Sadaka (or the paralegals who entered time on this case).

### C.  Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review of petitioner's interim application, the number of hours expended appear to be reasonable and adequately documented. *See generally* Pet. Int. App., Tab 1.  Accordingly, petitioner is awarded **$38,511.65 in interim attorneys' fees.**

### D.  Costs

Like attorneys' fees, costs incurred - by counsel or petitioners themselves - must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. 29, 34.  In this case, petitioner requests $31,032.18 in interim attorneys' costs.  These include the costs of the filing fee, obtaining medical records, shipping, and postage.  These costs are adequately documented and routine for cases in the Vaccine Program.

Petitioner also requests reimbursement for Dr. Marcel Kinsbourne's invoice for $15,950.00 (representing $500.00 per hour for 31.90 hours of work to date) and Dr. M. Eric Gershwin's invoice for $14,375.00 (representing $400.00 per hour for 28.75 hours of work to date).  It was reasonable for petitioner to obtain both of these experts.  They have received the requested rates in the past and I do not find cause to adjust them in the present case.  I have reviewed the expert reports and I do not find cause to delay the award for them.  **Accordingly, petitioner is awarded $31,032.18 in interim attorneys' costs.**

## IV.    Conclusion

In accordance with the foregoing, petitioner's motion for *interim* attorneys' fees and costs is **GRANTED**.  I award the following reasonable interim attorneys' fees and costs at this time:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $ 38,534.75 |
| *Reduction (Attorney Rate)* | $     23.10 |
| **Interim Attorneys' Fees Awarded** | **$ 38,511.65** |
| | |
| **Interim Attorneys' Costs Awarded** | **$ 31,032.18** |

**Interim Attorneys' Fees and Costs Awarded            $ 69,543.83**

Accordingly, I award the following:

1) **A lump sum in the amount of $69,543.83, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel, Mark T. Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).