# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: January 31, 2024

```
* * * * * * * * * * * * * * *
CRAIG BURCHIANTI on behalf of        *
A.B.,                                *
                 Petitioner,         *          No. 15-918V
                                     *
v.                                   *          Special Master Gowen
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
                 Respondent.         *
* * * * * * * * * * * * * * *
```

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC., Englewood, NJ, for petitioner.
*Mary Holmes*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 26, 2023, Craig Burchianti ("petitioner"), on behalf of A.B., filed a motion for final attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 144). For the reasons discussed below, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and award a total of $123,803.65.

### I.      Procedural History

On August 21, 2015, petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] *See* Petition (ECF No. 1). Petitioner alleged that the measles-mumps-rubella

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012)

("MMR") vaccine A.B. received on August 27, 2012 caused her to suffer afebrile seizure disorder or focal epilepsy. *Id.* An entitlement hearing was held on September 17 and September 18, 2020, and, on April 11, 2023, I issued a Decision, finding that petitioner was not entitled to compensation. Decision at 39 (ECF No. 142).

On October 30, 2019, I awarded interim attorneys' fees and costs in the amount of $69,543.83. Decision on Interim Fees App. (ECF No. 78). On May 26, 2023, petitioner filed a motion for final attorneys' fees and costs. *See* Fees App. Petitioner requests compensation in the total amount of $123,803.65, representing $66,388.60 in attorneys' fees and $57,415.05 in costs. Fees App. Ex. A at 16-17. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any fees for costs in pursuit of this claim. ECF No. 147. Respondent filed a response to petitioner's motion on June 12, 2023, stating that "[r]espondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. to Fees App. at 2 (ECF No. 145). Petitioner filed a reply on June 12, 2023, reiterating his request in the originally filed motion. Reply to Resp. (ECF No. 146).

The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Whether a claim was brought in good faith and whether there was a reasonable basis for the claim are two distinct inquiries. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. United States*, 116 Fed. Cl. 276, 289 (2014)).

The subjective good faith requirement is satisfied when "petitioner honestly believed he ha[d] a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The objective reasonable basis inquiry turns on the "feasibility of the claim" at hand, rather than the likelihood of its success. *Id.* at *6. The evidentiary standard to satisfy a reasonable basis inquiry is "more than a mere scintilla but less than a preponderance of proof." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1345-46 (Fed. Cir. 2020).

While petitioner was denied compensation in the instant case, the matter involved complex questions of causation, requiring four expert reports from one of petitioner's experts and two from another. Moreover, the case necessitated an entitlement hearing. Thus, the undersigned has no doubt that petitioner's claim was brought in good faith and maintained reasonable basis

(Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

2

throughout the course of its adjudication. Thus, a final award of reasonable attorneys' fees and costs is appropriate.

### a.  Attorneys' fees

Petitioner bears "the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993) (per curium).

Petitioner requests a total of $66,388.60 in attorneys' fees for work done by his attorney, Mr. Mark Sadaka and Mr. Sadaka's paralegal, Ms. Michele Curry. Petitioner requests the following rates for the work of his counsel, Mr. Mark Sadaka: $405.00 per hour for work performed in 2019; $422.00 per hour for work performed in 2020; $444.00 per hour for work performed in 2021; $458.00 per hour for work performed in 2022; and $482.00 per hour for work performed in 2023. Fees App. At 4; Fees App. Ex. A at 16. He also requests the following rates for work performed by Mr. Sadaka's paralegal, Ms. Michele Curry: $156.00 per hour for work performed in 2019; $163.00 per hour for work performed in 2020; $172.00 per hour for work performed in 2021; $177.00 per hour for work performed in 2022; and $186.00 per hour for work performed in 2023. Fees App. at 4; Fees App. Ex. A at 16. These rates are consistent with what Mr. Sadaka and Ms. Curry have previously been awarded for work in the Vaccine Program, and I find them to be reasonable for their work performed in the instant case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter are reasonable. The entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. *See generally* Fees App. Ex. A. Respondent has also not identified any particular entries as objectionable. Therefore, petitioner is entitled to $66,388.60 in attorneys' fees.

### b.  Attorneys' costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $57,415.05 in costs. Fees App. Ex. A at 16. Petitioner's costs include obtaining medical records, research, the expert fee for Dr. Kinsbourne, the expert fee for Dr. Gershwin, mailing/distribution, and obtaining a transcript of the entitlement hearing. *Id.* $56,325.00 of the requested costs are associated with the experts in this case. Upon further review of the record i, petitioner previously requested reimbursement for the $13,950.00 October 3, 2019 invoice from Dr. Kinsbourne as part of his interim attorneys' fees and costs, and requested reimbursement of the same in the instant motion. *See* Reply to Resp. to Interim Fees App. (ECF No. 77); Ex. C to Interim Fees App (ECF No. 77-1); Fees App. Ex. A at 16; Fees App. Ex. B at 1-2. This amount was included in my prior award of interim attorneys' fees and costs. Decision on Interim Fees App. As such, the total costs are reduced by such amount to $43,465.05.

Dr. Kinsbourne authored four expert reports in petitioner's case and testified at the entitlement hearing. Petitioner's other expert, Dr. Gershwin, authored two expert reports and testified at the entitlement hearing. The reports from the experts were well written, and their testimony useful for determining the issues in the case. Given the complex nature of this case, the number of expert reports filed, and the fact that both experts testified at the hearing, the amount of expert fees is reasonable.  Additionally, the other costs incurred by petitioner's counsel are typical costs in the Vaccine Program. Therefore, petitioner is entitled to recover costs in the amount of $43,465.05, representing the full amount of costs requested less the expert fees previously reimbursed.

### III.    Conclusion

In accordance with the above, I hereby **GRANT** petitioner's motion for final attorneys' fees and costs and find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $66,388.60 |
| (Reduction of Fees) | |
| **Total Attorneys' Fees Awarded** | **$66,388.60** |
| | |
| Attorneys' Costs Requested | $57,415.05 |
| (Reduction of Costs) | ( $13,950.00) |
| **Total Attorneys' Costs Awarded** | **$43,465.05** |
| | |
| **Total Attorneys' Fees and Costs** | **$109,853.65** |

**Accordingly, I award a lump sum in the amount of $109,853.65, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Mark Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).